UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCEPAL SINGH,<br>Petitioner,<br>v.<br>TIMOTHY S. ROBBINS, ET AL.,<br>Respondents. | No. 1:26-cv-05292-DAD-JDP (HC)<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On July 8, 2026, petitioner, an immigration detainee, filed a counseled petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for a temporary restraining order ("TRO") requesting his immediate release. (Doc. No. 2.) On July 9, 2026, the court set a briefing schedule as to petitioner's motion for a TRO and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In that same order, the court directed that if respondents opposed a court ruling on the underlying *habeas* petition based on the current briefing before it, respondents were to indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

/////

Petitioner, a native and citizen of India, entered the United States on or about April 15, 2013. (Doc. No. 1 at 2 ¶ 3. Petitioner encountered immigration authorities, however, and was released on his own recognizance. (Doc. No. 6-1 at 2-3.) He was re-detained by immigration authorities on or about June 26, 2026, where he remains to this day. (Doc. No. 1 at 3 ¶ 9.)

On July 11, 2026, respondents filed a combined response to the *habeas* petition and opposition to petitioner's motion for a TRO. (Doc. No. 6.) Therein, respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b) (Doc. No. 6 at 1–2), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents argue that the circumstances of this case may be materially distinguishable from those addressed in the court's prior cited orders due to petitioner's two alleged Alternatives to Detention ("ATD") violations. (Doc. No. 6 at 2.) Nonetheless, respondents do not explain how these alleged violations would distinguish this case from the circumstances addressed in this court's prior orders. In addition, respondents do not argue that petitioner is a flight risk, nor do they assert he is a danger to the community due to these alleged violations. Further, respondents do not object to the court ruling on petitioner's *habeas* petition currently. (*Id.* at 1.)

In light of the evidence that petitioner was previously released by immigration authorities, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 at *2-6 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention absent a pre-deprivation hearing violated due process. Accordingly, the court will grant petitioner's *habeas* petition.

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Principal Singh, A-File No. 246-259-485, from respondents' custody on the same

/////

conditions, if any, he was subject to prior to his re-detention on June 26, 2026;

b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence that he is a flight risk or a danger to the community;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him *habeas* relief;

3. The Clerk of the Court is directed to serve a copy of this order on the warden of the Golden State Annex; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **July 14, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE